UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARIA B. ROSARIO,<br>    *Plaintiff*,<br>    *v.*<br>MEGAN BRENNAN and UNITED STATES OF AMERICA,<br>    *Defendants*. | Civil No. 3:15cv1440 (JBA)<br><br>June 22, 2016 |

**RULING ON DEFENDANTS' MOTION TO DISMISS**

Plaintiff Maria Rosario brought this action against Defendants Megan Brennan, Postmaster General, and the United States of America, alleging violations of Plaintiff's "Fifth and Fourteenth Amendment rights to be free from deprivation of liberty without due process of law . . . in violation of [Title VII of the Civil Rights Act]"[1] (Count One); retaliation in violation of Title VII (Count Two); and intentional infliction of emotional distress ("IIED") (Count Three). Defendants move [Doc. # 21] to dismiss Counts Two and Three. Oral argument was held on June 20, 2016. For the following reasons, Defendants' motion is granted as to Count Three and denied as to Count Two.

I.  **Factual Background**

Plaintiff alleges the following facts in her Second Amended Complaint [Doc. # 21]. On July 28, 2012, Plaintiff was hired as a Motor Vehicle Driver by the United States Postal Service ("USPS"). (2d Am. Compl. ¶ 7.) At some point thereafter, Jeff B. Cureton, the Supervisor of Transportation for the USPS, began to "constantly stare at Plaintiff's body on

---

[1] At oral argument, Plaintiff clarified that she is withdrawing her constitutional claims, and that Count One should be construed as alleging only a Title VII discrimination claim.

a daily basis and follow her around the building, making her feel unsafe, intimidated and apprehensive about what he might do to her." (*Id.* ¶¶ 6, 23.) He "would also engage in lewd behavior such as grabbing parts of his body while staring at her." (*Id.* ¶ 24.) "On one occasion, [Mr.] Cureton even told her that, as her supervisor, he could do whatever he wanted to her, and that she has to do whatever he said to do." (*Id.*) As a result, on May 10, 2014, Plaintiff filed an Equal Employment Opportunity ("EEO") complaint regarding Mr. Cureton's harassment of her. (*Id.* ¶ 8.) Thereafter, Mr. "Cureton's efforts to harass and intimidate the Plaintiff greatly intensified." (*Id.* ¶ 25.)

Plaintiff "repeatedly informed" William A. Rodriguez, the Acting Manager of Transportation at the USPS, of Mr. Cureton's conduct toward her, but "he chose to do nothing about [it] saying there was nothing he could do and in any event he did not believe her." (*Id.* ¶¶ 5, 25.) "Significantly, [Mr.] Rodriguez also told the Plaintiff that he actually wanted her to drop the EEO complaint." (*Id.*) "As a direct result of the sexual harassment she experienced . . . Plaintiff suffered an acute anxiety attack that required she go to the emergency room." (*Id.* ¶ 28.)

On June 21, 2014, Mr. Rodriguez, with whom Plaintiff was engaged in an intimate relationship, observed Plaintiff talking with another USPS employee, John Thomas. (*Id.* ¶ 15.) Within ten minutes, Mr. Rodriguez terminated Mr. Thomas and then called Plaintiff "to threaten" her, "saying, 'see what I can do to you? You don't want to f**k with me!'" (*Id.*) Mr. "Rodriguez also used his position to change the hours and assignment of another one of Plaintiff's co-workers, Willy Colon, whom he suspected of having a relationship with the Plaintiff." (*Id.* ¶ 16.)

On July 10, 2014, "Plaintiff injured her back while unloading a truck with a postcom

2

(rolling equipment) because [Mr.] Rodriguez would not allow other mail handlers to help her unload a truck even after she asked for help." (*Id.* ¶ 10.) Plaintiff's doctor, Dr. Michael Collins instructed her to perform only light duty following the injury. (*Id.* ¶ 13.)

Plaintiff ended her relationship with Mr. Rodriguez on September 16, 2014. (*Id.* ¶ 14.) Mr. Rodriguez "became exceedingly angry and began harassing [Plaintiff] and making things extremely difficult for her in the workplace by, among other actions, constantly watching her, threatening her, and bullying male coworkers who attempted to talk to her." (*Id.*) On "several occasions" Mr. Rodriguez "sent Plaintiff home" early, claiming that "there was no work for her." (*Id.* ¶ 17.) Two days after Plaintiff ended the relationship, Mr. Rodriguez "harassively [sic] limited the Plaintiff's work time" to 2.5 hours a day. (*Id.* ¶ 18.)

On September 30, 2014, Mr. Rodriguez assigned Plaintiff "to case mail on a restbar," although the assignment violated her medical restrictions. (*Id.* ¶ 20.) That same day, Mr. Rodriguez and Mr. Cureton presented Plaintiff with an offer of Modified Assignment (Light Duty), which also "improperly violated her medical restrictions." (*Id.* ¶ 19.) When she refused to sign the offer, they sent her home early and gave her limited hours on October 1, October 2, and October 3, 2014. (*Id.*) From October 4, 2014 to December 13, 2014, Plaintiff "did not return to work," believing that "she had either been fired or released." (*Id.* ¶ 21.)

## II. Discussion[2]

### A. Count Two (Title VII Retaliation)

In order to make out a colorable claim of retaliation under Title VII, a plaintiff must allege that: (1) she participated in a protected activity, (2) the defendant knew of her participation in the protected activity, (3) she suffered an adverse employment action, and (4) there exists a causal connection between the protected activity and the adverse employment action. *Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010). Defendants here concede that Plaintiff has adequately alleged that she participated in a protected activity by filing the EEO complaint and that Defendants knew of her participation in that activity. (Mem. Supp. Mot. Dismiss [Doc. # 25-1] at 6.) However, they contend that she has not adequately alleged the third and fourth elements—an adverse employment action and a causal connection. (*Id.*)

---

[2] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although detailed allegations are not required, a claim will be found facially plausible only if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Conclusory allegations are not sufficient. *Id.* at 678–79; *see also* Fed. R. Civ. P. 12(b)(6).

"[A] claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (quoting *Arar v. Ashcroft*, 532 F.3d 157, 168 (2d Cir. 2008)). "When considering a motion to dismiss pursuant to Rule 12(b)(1), the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000). In response to a motion to dismiss pursuant to Rule 12(b)(1), "[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

"Title VII's anti-retaliation provision applies broadly to 'employer actions that would have been materially adverse to a reasonable employee or job applicant.'" *Hicks*, 593 F.3d at 164 (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006)). "Actions are 'materially adverse' if they are 'harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination.'" *Id.* (quoting *White*, 548 U.S. at 57).

Here, Plaintiff alleges the following adverse actions: (1) Mr. Cureton intensified his harassment of her after she filed the EEO complaint against him (2d Am. Compl. ¶ 25); (2) Mr. Rodriguez terminated John Thomas and changed Willy Colon's hours (*id.* ¶¶ 15, 16); (3) Mr. Rodriguez refused to permit other employees to help Plaintiff unload her truck (*id.* ¶ 10), and on September 30, 2014, Mr. Rodriguez assigned her to perform tasks that violated her medical restrictions (*id.* ¶ 20); and (4) Mr. Rodriguez limited Plaintiff to 2.5 hours per day for an unknown period of time beginning September 18, 2014, and ending no later than October 3, 2014,[3] sent her home early on September 30, 2014, and "led her to believe that she had either been fired or released" from October 4 until December 13, 2014 (*id.* ¶¶ 18–19, 21).

---

[3] Defendants assert that Plaintiff alleges that her hours were cut to 2.5 hours per day on September 18, September 30, October 1, October 2, and October 3. (*See* Mem. Supp. at 9.) However, the complaint is more ambiguous. It states that on September 18, Mr. Rodriguez "limited the Plaintiff's work time to two and [a] half (2.5) hours a day," that she was sent home early on September 30, and that she was given "the same amount of limited hours on October 1, October 2, and October 3." (2d Am. Compl. ¶¶ 18, 19.) It does not say how long the 2.5 hour "a day" restriction was in place.

5

Defendants concede that Mr. Cureton's alleged harassment of Plaintiff constituted a materially adverse action in violation of Title VII. (*See* Mem. Supp. at 12 ("The defendant . . . does not dispute for purposes of this motion that the plaintiff's allegations of retaliatory harassment are sufficient at the pleading stage to constitute adverse employment action . . . .").) However, they contend that "the Complaint fails to plead facts sufficient to allow the court to plausibly infer that the plaintiff's engagement in protected activity was the but-for cause of such adverse employment action." (*Id.*)

"[A] plaintiff alleging retaliation in violation of Title VII must show that retaliation was a 'but-for' cause of the adverse action, and not simply a 'substantial' or 'motivating' factor in the employer's decision." *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 845 (2d Cir. 2013) (citing *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2526, 2533 (2013)).

Defendants assert that Plaintiff's protected activity "could not have been the 'but-for' cause of [Mr.] Cureton's alleged harassment of the plaintiff because the Complaint alleges that [Mr.] Cureton was harassing the plaintiff before the EEO claim was filed." (Mem. Supp. at 19.) In so arguing, however, Defendants misapprehend the meaning of "but-for" causation. "'[B]ut-for' causation does *not* require proof that retaliation was the *only* cause of the employer's action, but only that the adverse action would not have occurred in the absence of the retaliatory motive." *Zann Kwan*, 737 F.3d at 846 (emphasis added).

Plaintiff has satisfied that standard here. By alleging that Mr. "Cureton's efforts to harass and intimidate [her] greatly intensified after she filed her EEO claim against him" (2d Am. Compl. ¶ 25), Plaintiff has raised a plausible inference that her filing of the complaint caused Mr. Cureton to increase his harassment of her. It is immaterial that, to a

6

lesser degree and for different reasons, Mr. Cureton also harassed her before she filed her complaint.

Because Plaintiff's harassment allegations therefore survive the motion to dismiss, and because, as clarified at oral argument, Plaintiff alleges a violation of Title VII based on the aggregate of all of the retaliatory conduct claimed,[4] including the harassment, dismissal of Count Two is not appropriate at this time.

### B. Count Three (IIED)

Plaintiff's third count alleges intentional infliction of emotional distress.[5] Because this claim is brought against the United States however, it is subject to the Federal Tort Claims Act ("FTCA"), which "waives the sovereign immunity of the federal government" for certain claims, *Coulthurst v. United States*, 214 F.3d 106, 108 (2d Cir. 2000), conditional on the plaintiff having "first file[d] an administrative claim with the appropriate federal agency before suing for relief in federal court," *Adeleke v. United States*, 355 F.3d 144, 152

---

[4] *See Hicks*, 593 F.3d at 165 ("[I]n determining whether conduct amounts to an adverse employment action [under Title VII], the alleged acts of retaliation need to be considered both separately and in the aggregate, as even minor acts of retaliation can be sufficiently "substantial in gross" as to be actionable."); *Zelnik v. Fashion Inst. of Tech.*, 464 F.3d 217, 227 (2d Cir. 2006) (determining that aggregate of minor incidents can constitute adverse action in a First Amendment retaliation suit brought via § 1983).

[5] To make out a colorable claim for IIED in Connecticut, the plaintiff must allege:

> (1) that the [defendant] intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe.

*Appleton v. Bd. of Educ. of Town of Stonington*, 254 Conn. 205, 210 (2000) (internal quotation marks omitted).

(2d Cir. 2004); *see* 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."). It is "established case law" that this presentment requirement is "jurisdictional." *Garland-Sash v. Lewis*, 348 F. App'x 639, 642 (2d Cir. 2009) (citing *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005); *Keene Corp. v. United States*, 700 F.2d 836, 841 (2d Cir. 1983)); *see also In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 194, 196 (2d Cir. 1987) (same).

Where, as here, the Court's subject matter jurisdiction over a particular claim is in doubt, "[t]he plaintiff, as the party seeking to invoke the court's jurisdiction, bears the burden of demonstrating proper subject-matter jurisdiction." *Abbas v. United States*, No. 10-CV-141S, 2015 WL 5770092, at *1 (W.D.N.Y. Sept. 30, 2015). "'[J]urisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003) (quoting *Shipping Fin. Servs. Corp v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998)). Defendants here contend that Plaintiff, who admits that she did not file her claim with the proper administrative agency until after she initiated this suit (*see* Opp'n at 11), has failed to affirmatively show that the Court has subject matter jurisdiction over this claim.

Plaintiff's response appears to be threefold: (1) she has met her burden because she alleges in her complaint that she "has satisfied all statutory conditions precedent to

8

bringing the instant causes of action by exhausting all applicable administrative remedies" (Opp'n at 11 (citing 2d Am. Compl. ¶ 31)); (2) the presentment requirement is not jurisdictional, and therefore can be equitably tolled (*id.* at 11–12); and (3) equitable tolling is appropriate here because "the plaintiff has in all other respects conscientiously and timely pursued the instant litigation" and "[t]to bar her claim solely on a procedural technicality[] would be draconian punishment" (*id.* at 12). These arguments are unpersuasive.

Plaintiff's assertion that she can satisfy her burden of affirmatively proving the Court has jurisdiction by making conclusory statements in her complaint that she has exhausted all applicable administrative remedies (even when her later statements indicate that at the time her complaint was filed, this statement was untrue) must be dismissed out of hand. *See Rivera v. Hosp. of St. Raphael*, No. 3:14-CV-874 (JCH), 2014 WL 6871657, at *1 (D. Conn. Dec. 3, 2014) ("On a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff must establish by a preponderance of the evidence that the court has subject matter jurisdiction over the complaint."); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) (holding that a claimant who fails to exhaust administrative remedies prior to filing federal lawsuit but does so before substantial progress has been made in the litigation has filed the suit prematurely).

Her second contention—that the presentment requirement is not jurisdictional, on the basis of the Supreme Court's recent decision in *United States v. Wong*, 135 S.Ct. 1625 (2015)—fares no better. *Wong* held that the statute of limitations in the FTCA (which provides that "a tort claim against the United States 'shall be forever barred' unless presented to the 'appropriate federal agency within two years after such claim accrues' and then brought to federal court 'within six months' after the agency acts on the claim") is not

9

jurisdictional, and therefore "courts may toll both of the FTCA's limitations periods." *Id.* at 1629 (quoting 28 U.S.C. § 2401(b)). In arguing that *Wong* compels the conclusion that the presentment requirement is not jurisdictional, Plaintiff misapprehends the Supreme Court's ruling in that case.

"The FTCA has both an administrative exhaustion requirement, set forth in 28 U.S.C. § 2675(a)"—at issue here—"and a statute of limitations, set forth in 28 U.S.C. § 2401(b)"—at issue in *Wong*. *Bhatnagar v. United States*, No. 14-CV-00327 (MEJ), 2015 WL 4760386, at *5 (N.D. Cal. Aug. 12, 2015); *see Sanusi v. Unitd States*, No. 10cv4783 (SJ) (MDG), 2015 WL 1369361, at *3 (E.D.N.Y. Mar. 30, 2015) (describing FTCA as containing separate timeliness and presentment requirements). The *Wong* Court held that § 2401(b)'s bar on claims not presented within the statute of limitations "speaks only to a claim's timeliness, not to a court's power." *Wong*, 135 S.Ct. at 1632. "What matters," the Court wrote, "is that § 2401(b) does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts." *Id.* at 1633. Section 2675(a), by contrast, prohibits the filing of a civil action unless administrative remedies have been exhausted, thereby tying the exhaustion requirement "by explicit statutory language to jurisdiction." *Bhatnagar*, 2015 WL 4760386, at *5 (quoting *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1047 (9th Cir. 2013), *cert. granted sub nom. United States v. Kwai Fun Wong*, 134 S.Ct. 2873 (2014) *and aff'd and remanded sub nom. United States v. Kwai Fun Wong*, 135 S.Ct. 1625 (2015)).

Indeed, the Court is aware of only two cases interpreting *Wong* as applying to the presentment requirement, *see Foster v. Fed. Emergency Mgmt. Agency*, 128 F. Supp. 3d 717, 728 (E.D.N.Y. 2015); *Ortega v. Colvin*, No. 13-CV-3487 (KAM), 2015 WL 6143591, at *4 (E.D.N.Y. Oct. 19, 2015), while the Fifth Circuit (albeit in a summary opinion) and multiple

10

district courts have held to the contrary, *see Barber v. United States*, No. 15-60614, 2016 WL 1253819, at *2 n.3 (5th Cir. Mar. 30, 2016) ("We find that *Wong*'s holding regarding the FTCA's time limits has no bearing on our analysis of the jurisdictional limitation provided by 28 U.S.C. § 2675(a)'s presentment requirement."); *McIntosh v. United States*, No. 14-CV-7889 (KMK), 2016 WL 1274585, at *10 n.13 (S.D.N.Y. Mar. 31, 2016) (same); *Bhatnagar*, 2015 WL 4760386, at *5 (same); *Rubang v. United States*, No. 2:16cv0030 (KJM) (KJN) (PS), 2016 Wl 1170864, at *2 n.3 (E.D. Cal. Mar. 25, 2016) (same); *Stark v. Tryon*, No. 3:15-CV-373 (VLB), 2016 WL 1118248, at *2 n.1 (D. Conn. Mar. 22, 2016) (same); *Mohamed v. F.B.I.*, No. 14 CIV. 7615 (CM), 2015 WL 6437369, at *6 (S.D.N.Y. Oct. 21, 2015) (same); *Drayton v. United States*, No. EDCV 15-1368 (DOC) (JC), 2015 WL 5437040, at *3 (C.D. Cal. Sept. 14, 2015).

Even if Plaintiff were correct, however, that the FTCA's exhaustion requirement is not jurisdictional, she would not be entitled to equitable tolling. "'Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" *Goldblatt v. Nat'l Credit Union Admin.*, 502 F. App'x 53, 55 (2d Cir. 2012) (quoting *A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 144 (2d Cir. 2011)). Plaintiff here has made no showing that she diligently attempted to comply with the presentment requirement or that any extraordinary circumstance stood in her way. As such, even if the Court were to hold that the presentment requirement is non-jurisdictional, Plaintiff's claim would be dismissed as unexhausted.

**III. Conclusion**

For the foregoing reasons, Defendants' motion to dismiss is granted as to Count Three and denied as to Count Two. Counts One and Two remain for adjudication.

                              IT IS SO ORDERED.

                              _____/s/_____
                              Janet Bond Arterton, U.S.D.J.

                        Dated at New Haven, Connecticut this 22nd day of June, 2016.